OPINION. MuRdock, Judge,: The petitioner claims that he is entitled to a deduction for 1948 representing a loss from theft. Personal and family expenses are not deductible and only such deductions may be taken as Congress has allowed. Section 23 (e) (3) allows a deduction for losses sustained by an individual during the taxable year arising from theft. The parties and this Court agree that Evelyn could not steal the jewelry and the bonds from the petitioner while he was her husband. Grover Tyler, 13 T. C. 186. The petitioner contends, however, that a larceny of the property occurred in 1948 upon the theory that Evelyn continued to withhold the property wrongfully after their marriage had been annulled. Not only has he failed to cite any case supporting that contention but he has failed to show that Evelyn was alive or, if alive, was still holding the property at the time of the annulment. A missing person is not presumed dead for some purposes until the elapse of a certain time fixed by statute, but such a presumption is not urged in this case and it is not apparent that it would help the petitioner in any event. Certainly there is no presumption that a person has boon guilty of larceny at any time. It was held in Burnet v. Houston, 283 U. S. 223, that impossibility of proof would not hc»lp the petitioner where he had the burden of proof, and so here any difficulty of proving that Evelyn ivas alive in 1948 and was still holding the property at that time would not save the petitioner. The record does not show that a loss arising from theft was sustained in 1948 within the meaning of section 23(e). The deduction is not claimed on any other basis. Decision will he entered for the respondent.